IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT BLEVINS, JR AND ROBERT F. BLEVINS, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL RESOURCES, INC.,<br><br>Defendant. | Case No. 22-CV-160-RAW-DES |

### ORDER

Before the Court is Continental Resources, Inc.'s ("Continental") Objection to the Magistrate's Report and Recommendation on the Motion to Dismiss under the Class Action Fairness Act's Discretionary Exception. [Dkt. No. 68]. For the foregoing reasons, the Objection is OVERRULED.

### STANDARD OF REVIEW

The district court must conduct a de novo review of the magistrate judge's report and recommendation if a party objects to the magistrate's findings. 28 U.S.C. § 636(b)(1); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations.")  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id*.

## BACKGROUND

The present case arises out of a class action case alleging that the Defendant violated Oklahoma law regarding the Oklahoma Production Revenue Standards Act payments and illegally failed to pay interest on late payments unless demanded to do so by the interest owners. Federal Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 (d) under diversity of citizenship with an amount in controversy greater than $5,000,000. Defendant moved to dismiss [Dkt. No. 29] arguing that this court should decline to exercise jurisdiction pursuant to 28 U.S.C. (d) (3), because the present case falls within the Class Action Fairness Act's ("CAFA") discretionary exception. However, the Magistrate Judge concluded that because the Defendant failed to produce adequate evidence of the Plaintiffs' domicile or citizenship, the motion should be denied as the threshold requirement to invoke the discretionary exception was not satisfied. Defendant timely objected to the Report and Recommendation. Dkt. No. 68.

## ANALYSIS

The CAFA discretionary exceptions are considered after the moving party has established that the citizenship of the putative class at the time of filing by a preponderance of the evidence is: (1) greater than one third but less than two thirds of the members of all proposed classes in the aggregate and (2) the primary defendants are citizens of the State in which the action was originally filed. *Dutcher* v. *Matheson*, 840 F.3d 1183,1190, 1194 (10th Cir. 2016). The Defendant seeks to invoke the exceptions arguing that it supplied evidence that 50.2355% of the potential class members are citizens of Oklahoma and the only Defendant, Continental, is also a citizen of the State of Oklahoma.

To invoke the discretionary exceptions, Continental provided the Oklahoma mailing addresses of potential class members to support their contention that these individuals were Oklahoma residents. The Magistrate concluded that mailing addresses alone were not sufficiently "reliable, credible evidence of the 'citizenship' of any putative class member". Dkt. No. 67 (internal citations omitted). Magistrate Judge Snow found that the addresses showed residence but not necessarily citizenship. "Allegations of mere residence may not be equated with citizenship'" for the purposes of establishing jurisdiction. *See*. Dkt. No. 67 at 5. Therefore, the defendant had not met the threshold requirement necessary to challenge this Court's jurisdiction under CAFA's discretionary exception, and their Motion to Dismiss should be denied.

The Defendant argues that the Report and Recommendation "misapplied the burden of proof and the required evidentiary standard" and incorrectly interpreted their evidence as mere proof of residence and did not consider the totality of the circumstances in the record. Dkt. No. 68 at 4. Continental explains that the addresses are the locations that the individual chose to receive revenue payments from oil and gas production. This is also the address the payees used to receive division orders, notices, drilling proposals, drilling authorizations. Based on this information, the Defendant determined that 50.2355% of the possible class members are citizens of Oklahoma. *See*. Dkt. No. 30 at 2. This same evidence was before the Magistrate and the record shows that he considered the explanation that Continental reiterates in its objection. Nevertheless, based on how other courts have treated similar evidence in this context, he found that the evidence of residence did not provide sufficient evidence of the other factors relevant to determining domicile. *See* Dkt. No. 67 at 4-5 *Nichols* v. *Chesapeake Operating*, LLC, 718 F. App.'x 736, 741 (10th Cir. 2018) ("[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.")

The Defendant also argues that the Magistrate Judge held the Defendant to the incorrect standard of proof. However, this is not the case, as the Magistrate frequently states that he is applying the proper standard- preponderance of the evidence. The Magistrate simply concluded that, under this standard, mailing addresses alone were not sufficiently "reliable, credible evidence of the 'citizenship' of any putative class member". Dkt. No. 67 (internal citations omitted). In reaching this conclusion, the Magistrate Judge also relied on the fact that the Defendant failed to provide any evidence of these class members' intent to remain in the state. *Id*. Finally, the Defendant asserts that the Magistrate failed to consider the evidence presented in the Declaration of Charles Delhotal, but this is clearly not the case as the Magistrate Judge explicitly cites to this evidence. See Dkt. No. 67 at 4.

After independently reviewing the evidence provided by Continental, this Court comes to the same Conclusion as Magistrate Judge Snow. Continental provided evidence demonstrating the residence of the potential plaintiffs, but this evidence is inadequate by itself to support citizenship. *Siloam Springs Hotel, L.L.C.* v. *Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Accordingly, because the citizenship of the Plaintiffs has not been adequately proven, the threshold requirement necessary to invoke the CAFA discretionary exception is not satisfied, and the Defendant is not entitled to dismissal.

## CONCLUSION

After a de novo review, the Court determines that the Report and Recommendation [Dkt. No. 67] is well supported by the record and the prevailing legal authority. As the Magistrate Judge advised, the Defendant provided inadequate evidence of domicile or citizenship of the potential class members and therefore failed to establish the discretionary exception to federal jurisdiction.

4

The objection [Dkt. No. 68] is OVERRULED and the Report and Recommendation [Dkt. No.67] is hereby affirmed and adopted as this Court's Findings and Order. Defendant's Motion to Dismiss Under CAFA's Discretionary Exception [Dkt. No. 29] is hereby DENIED.

    Dated this 31st day of March, 2025.

Ronald A. White
United States District Judge
Eastern District of Oklahoma